**Sim & DePaola, LLP**
Sang J Sim, Esq.
psim@simdepaola.com
4240 Bell Blvd, Suite 405
Flushing, NY 11361
Tel: (718) 281-0400
*Attorneys for Plaintiffs and the*
*Putative FLSA Collective*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERUZA MIRZAMAKHMUDOVA, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                                        Plaintiffs,<br><br>            -against-<br><br>HOME HEALTH CARE SERVICE OF NY INC.<br><br>                                        Defendant. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

### INTRODUCTION

1.      Plaintiff, FERUZA MIRZAMAKHMUDOVA ("Feruza") bring this action, individually and on behalf of all other collective persons similarly situated (collectively as "Plaintiffs"), against Defendant HOME HEALTH CARE SERVICE OF NY INC. ("Defendant" or "Company"), a provider of home health care for the elderly and infirm in and around the City of New York, to seek redress for systematic underpayment of spread of hours and overtime wages, failure in provide wage notices, failure in keeping accurate employment records and failure in providing a non-discriminate working environment.

2.     Defendant, by failing to maintain and preserve proper records required by law, failing to pay Plaintiffs correct overtime wages at one and one half times the basic minimum hourly rate for all hours worked in excess of forty (40) per work week, failing to pay the "spread of hours" premium required by law, failing to provide quality employment opportunity without discrimination, violated, *inter alia*, Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§206, 207 et seq, New York Labor Law ("NYLL"), §§232, 239 et seq, New York Human Rights Law ("NYCHRL"), New York Executive Law, Article 15 §§ 291, 296 et seq, New York City Administrative Code ("NYCAC") Chapter 1 §§ 8-107 et seq, New York Comp. Codes R. & Regs.("NYCCR") and other applicable regulations.

3.     On her own behalf and on behalf of the Collective Members, Plaintiff seek unpaid wages, liquidated damages, pre and post judgment interests and attorneys' fees and costs.

## JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendant maintain a business location in this district.

## THE PARTIES

6.     Plaintiff Feruza was and still is a resident of the County of Kings, State of New York.

7.     Plaintiff Feruza was an employee of Defendant, who providing personal care and assistance to disabled and elderly clients of Defendant.

8.     At all times relevant to this Complaint, each Plaintiff is a "person" and a "employee" within the meaning of Fair Labor Standards Act, 29 U.S.C. §203(e), New York Labor Law §§190(2), 651(5), New York State Executive Law §292 and New York City Human Rights Law §8-107. New York Comp. Codes R. & Regs. tit. 12 § 141-3.2

9.     At all times relevant to this Complaint, Defendant HOME HEALTH CARE SERVICE OF NY INC. was and is a domestic corporation, which maintains its business address at 1989 Coney Island Ave, Fl 2, Brooklyn, NY, 11223.

10.     At all times relevant to this Complaint, Defendant was and still is engaged in providing nursing and home health aide services at the residence of its clients.

11.     At all times relevant to this Complaint, Defendant expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

12.     At all relevant times, Defendant was and still is an "employer" within the meaning of employed Plaintiffs as defined by Fair Labor Standards Act, as amended, 29 U.S.C. §§203 et seq, New York Labor Law §§ 651 (6), New York State Executive Law §292(5), New York City Human Rights Law §8-102 and other applicable regulations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her Causes of Action as a collective action under the FLSA on behalf of herself and the following collective: All persons employed by Defendant at any time since July 27, 2017  and through the entry of judgment in this

case ("Collective Action Period") who worked as employees providing personal care and assistance to disabled and elderly clients of Defendant (the "Collective Members").

14.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Members are similarly situated, in that they were all subjected to Defendant' illegal policy of failing to pay the legally required minimum wage for all hours worked and pay overtime premiums for hours worked in excess of forty (40) hours per week. As a result of these policies, Plaintiff and the Collective Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) hours per week.

15.     Plaintiffs and Collective Members have similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## FACTUAL ALLEGATIONS

16.     Plaintiff Feruza is a Muslim female immigrant from Uzbekistan.

17.     At all relevant times, Defendant has been in the home and personal care business.

18.     Plaintiffs were at all relevant times employed by Defendant at their Brooklyn site within New York City providing personal home health care and assistance to Defendant' disabled and elderly clients in their homes.

19.     Plaintiff Feruza worked for Defendant as a home attendant from around July 27, 2017 to March, 2021 approximately 4 years.

20.     While employed by Defendant, Plaintiff Feruza provided services to their homebound elderly and disabled clients. Her job duties included, but were not limited to the following: personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; and escorting clients.

21.    While employed by Defendant, Plaintiff worked more than 40 hours per week.

22.    Plaintiff Feruza generally worked three (3) 24-hour shifts per week.

23.    While Plaintiff Feruza worked 24-hour shifts, she was required to stay overnight at residences of Defendant's clients and need to be ready and available to provide assistance to Defendant's clients at all times.

24.    Defendant required Plaintiff Feruza to be on the premises of Defendant's clients for 24 hours during any given 24-hour shift, which was for the benefit of Defendant.

25.    When Plaintiff Feruza worked 24-hour shifts for Defendant, she was generally not permitted to leave the client's residence during her shift.

26.    Plaintiff Feruza maintained her own residence and does not "live in" the homes of Defendant' clients and is not an "except company" and thus she is not statutorily exempt from coverage under the FLSA, NYCRR. tit. 12 § 142-2.2 and other applicable regulations in effect at the time of her employment.

27.    When Plaintiff Feruza was required to stay overnight at the residences of Defendant's clients, Defendant failed to ensure that Feruza received appropriate sleeping facilities.

28.    Defendant systematically paid her a flat rate of approximately $11.00 per hour for a cap of 40 hours per week without ensuring that she was paid for every hour that she worked.

29.    At all relevant times, Defendant has and continues to have a practice and policy of assigning employees to work extensive overtime hours but inputting far less hours worked into their payroll system in order to systematically underpay their workers.

30.    At all relevant times, Defendant willfully entered lower number of hours worked in order, which result in unpaid overtime wage claim.

31.    Defendant systematically excluded payment from Plaintiff for work exceeding 40 hours per week without ensuring that she received regularly scheduled, work-free uninterrupted periods to sleep and eat, as required by law.

32.    Plaintiff did not receive regularly scheduled work-free uninterrupted meal breaks of one-hour each for three meals per day.

33.    Because Defendant's clients were often elderly and suffering from various health ailments, they required constant care and Plaintiff did not receive regularly scheduled work-free uninterrupted periods to sleep for five or more hour.

34.    Plaintiff was forced to eat their meals while feeding the clients or attempt to eat between her duties, because Defendant's clients needed feeding assistance during traditional mealtimes and constant supervision.

35.    Defendant knew, should have known, or had reason to know that Plaintiff was working throughout her entire shifts, including during meal and sleep breaks.

36.    Defendant permitted or pressured Plaintiff to work through her meal and sleep breaks without compensation.

37.    Despite Defendant's actual or constructive knowledge that Plaintiff was working through her meal and sleep breaks, Defendant took no affirmative steps to prevent the performance of such work and/or to track the hours Plaintiffs worked.

38.    At all relevant times, Defendant was and is required to establish maintain and preserve accurate time records of wages paid under Fair Labor Standards Act, New York Labor Law §195 and New York Comp. Codes R. & Regs. § 142-6.

39.     Upon information and belief, Defendant failed to maintain and preserve such accurate time records correctly and failed to record the actual hours that Plaintiff in fact had worked and did so deliberately and intentionally

40.     Plaintiff and other Collective Members never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours, in violation of Chapter 12 New York Comp. Codes R. & Regs. § 142-2.4.

41.     While employed by Defendant, Plaintiff was prohibited from wearing Hijab which is a traditional religion head covering worn by Muslim women.

42.     Plaintiff was also prohibited from praying inside the premises.

43.     Upon information and belief, Defendant engaged in unlawful discriminatory practices against Plaintiff due to her religion.

44.     At all relevant times, Defendant was and is required to post a notice in a conspicuous place in its embellishment a notice issued by the Commissioner of Department of Labor, summarizing minimum wage provisions.  On information and belief, Defendant failed to post such a notice.

45.     Defendant' action as described herein were intentional and not made in good faith.

## AS AND FOR A FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT OVERTIME)

46.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

47.     At all relevant times, Defendant employed Plaintiff and other similarly situated employees within the meaning of the FLSA.

48.     FLSA requires an employee to be paid overtime at wage rate of one and one-half times the basic minimum hourly rate.

49.     Defendant failed to pay Plaintiff and Collective Members overtime compensation for the hours worked.

50.     Defendant knew of and/or showed a willful disregard in failing to fully compensate Plaintiff and Collective Members at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week.

51.     Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.  No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under FLSA.

52.     As a direct and proximate result of Defendant' willful disregard of the Plaintiff's and Collective Members' right under FLSA, Plaintiff are entitled to liquidated damages pursuant to the FLSA.

53.     Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and Collective Members suffered damages, plus an equal amount as liquidated damages.

54.     Plaintiff and Collective Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT WAGE NOTICE)

55.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

56.     At all relevant times, Defendant employed Plaintiff and other similarly situated employees within the meaning of the FLSA.

57.     Defendant failed to post a notice explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor Wage and Hour Division, codified in 29 CFR 516.4, in conspicuous places in every establishment where their employees were employed so as to permit them to observe readily a copy.

58.     Defendant knew of and/or showed a willful disregard for the provisions of the FLSA and the regulations thereunder as evidence by their failure to post a notice explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor Wage and Hour Division, in conspicuous places in every establishment where their employees were employed so as to permit them to observe readily a copy when Defendant knew or should have known that they were required to post such notice.

59.     Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.  No notification, either in the form of posted notices or other means, was ever given to Plaintiff and FLSA Collective Members regarding minimum wages and overtime under FLSA.

60.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Members are entitled to liquidated damages pursuant to the FLSA.

61.     Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Members suffered damages, plus an equal amount as liquidated damages.

62.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

## AS AND FOR A THIRD CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT MINMUM WAGE)

63.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

64.     At all relevant times, Defendant employed Plaintiff and other similarly situated employees within the meaning of the FLSA.

65.     By failing to pay minimum wage for all hours worked, Defendant has violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

66.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67.     Defendant's failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Members are entitled to recover from Defendant their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b)

68.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206 and 215(a)(2).

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant's failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Members to suffer loss of wages and interest thereon.

70.     Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A FOURTH CAUSE OF ACTION
## (NEW YORK LABOR LAW OVERTIME)

71.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

72.     At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

73.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

74.     NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees." 66. Upon information and belief, Plaintiffs worked more than 40 hours a week while working for Defendant.

75.     At all relevant times to this action, Defendant failed to pay Plaintiff and Collective Members the applicable overtime hourly rate for all hours worked in excess of 40 per work week, in violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2.

76.     Defendant's failure to pay wages and overtime compensation to Plaintiff and Collective Members for work performed after the first 40 hours worked in a week was willful.

77.     By the foregoing reasons, Defendant has violated NYLL § 663 and 12 NYCRR § 142-2.2 and is liable to Plaintiff and Collective Members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (NEW YORK LABOR LAW SPREAD OF HOURS)

78.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

79.     12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

80.     Defendant required that Plaintiff and Collective Members typically work more than 10 hours in a day.

81.     At all times relevant to this action, Defendant failed to pay Plaintiff and Collective Members the "spread of hours" premium required by 12 NYCRR § 142-2.4.

82.     Defendant willfully violated Plaintiff and Collective Members' rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours

83.     By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.4 and is liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (NEW YORK LABOR LAW WAGE NOTICE)

84.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

85.     Defendant failed to provide Plaintiff and Collective Members with written notice, in English and in Uzbek, of her rate of pay, employer's regular pay day, and such other information as required by New York Labor.

86.     Defendants failed to post a notice explaining minimum wage, overtime, and spread of hours provisions under the New York Labor Law, as required by Title 12, Section 142-2.8 and 142-3.9, a notice explaining the employer's policy on sick leave, vacation, personal sick leave, holidays and hours under the New York Labor Law, Article 6, Section 195(5), a notice explaining deduction from wages, and tip appropriation under the New York Labor Law Article 6, Section 198-d in a conspicuous place in their establishment where their employees were employed so as to permit them to observe readily a copy.

87.     Defendant knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Collective Members at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

88.     Defendant knew of and/or showed a willful disregard for the provisions of the New York Labor Law and the regulations thereunder as evidence by their failure to post a notice explaining the New York Labor Law, as prescribed by the New York State Department of Labor, in conspicuous places in every establishment where their employees were employed so as to permit

them to observe readily a copy when Defendant knew or should have known that they were required to post such notice.

89.     As a direct and proximate result of Defendants' willful disregard of the New York Labor Law, Plaintiff and FLSA Collective Members are entitled to liquidated damages pursuant to the New York Labor Law Article 6, Section 198.

90.     Due to the Defendant' New York Labor Law violations, Plaintiff and Collective Members are entitled to recover from Defendant their statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

**AS AND FOR A SEVENH CAUSE OF ACTION**
**(NEW YORK LABOR LAW MINIMUM WAGE)**

91.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

92.     Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) "$11.00 per hour on and after December 31, 2016;" (2) "$13.00 per hour on and after December 31, 2017;" and (3) "$15.00 per hour on and after December 31, 2018 . . . ."

93.     NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

94.     At all relevant times to this action, Plaintiffs were Defendant's employees within the meaning of NYLL § 190(2) and § 651(5) and 12 NYCRR § 142-2.14.

95.     At all relevant times to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 190(3) and § 651(6).

96.     At all relevant times to this action, Defendant failed to pay Plaintiffs the statutory minimum wage in violation of NYLL § 652 and 12 NYCRR § 142-2.1

97.    Defendant willfully violated the rights of Plaintiffs by failing to pay their wages due and owing for work performed in violation of New York State Labor Law.

98.    Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, in an amount to be determined at trial, plus interest attorneys' fees and costs pursuant to NYLL § 190 et seq., and § 650 et seq.

**AS AND FOR A EIGHTH CAUSE OF ACTION
(NEW YORK CITY HUMAN RIGHTS LAW AND
NEW YORK CITY ADMINISTRATIVE CODE CHAPTER 1 §§ 8-107)**

99.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

100.    At all relevant times, Defendant had a policy and practice of refusing to provide equal protection and non-discriminating working environment for workers of all nationalities.

101.    Defendant deliberately, consciously, willfully and maliciously denied Plaintiff's request for adjustment that she deserves under the law and discriminated against Plaintiff's national origin and religion.

102.    At all relevant times, Defendant had a policy and practice of discriminating against immigrant workers.

103.    Defendant deliberately, consciously, willfully, and maliciously retaliated against Plaintiff when Plaintiff asked wearing hijab due to her religion.

104.    Defendant deliberately, consciously, willfully, and maliciously retaliated against Plaintiff when Plaintiff asked praying due to her religion.

105.    Defendant deliberately, consciously, willfully, and maliciously retaliated against Plaintiff despite her performance for no apparent reason other than her nationality and creed.

106.    By actions described above, among others, Defendant discriminated against Plaintiff by denying Plaintiff's reasonable requests, by discriminating on account of her national

origin and religion and by wrongfully terminating her employment without showing good cause and reason.

107.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL and NYCAC, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

108.    By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.  A declaratory judgement that the practices complained of herein are unlawful under the Laws of the State of New York as well as the New York Labor Law and the FLSA;

b.  An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law in an amount to be determined at trial;

d.  An award of "unpaid spread of hours" premium due under the New York Labor Law at an amount to be determined at trial;

e.  An award of liquidated damages as a result of Defendant' willful failure to provide wage notice, pay overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

f.  An award of liquidated damages in an amount equal to l00% of their damages as a

result of Defendant' willful failure to pay overtime compensation wages pursuant to 29 U.S.C § 216;

g. An award of liquidated as a result of Defendant' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's **FERUZA MIRZAMAKHMUDOVA** mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

i. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay, reputational harm and harm to professional reputation in an amount to be determined at trial;

j. An award of lost wages, benefits and other remuneration in an amount to be determined at trial;

k. An award of punitive damages as a result of Defendant' gross, wanton or willful fraud, dishonesty and malicious wrongdoing;

l. An award for damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, but limited to, loss of past and future income, wages, compensation, seniority, and other benefits

m. An award or statutory penalties, and prejudgment and post judgment interest;

n. Prejudgment interest on all amounts due;

o. An award of costs that Plaintiff has incurred in this action, including, but not limited

to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and cost to the fullest extent permitted by law; and

p.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Bayside, New York
         April 10, 2023

                              Respectfully submitted,

                               s/ Sang J Sim
                              Sang J Sim, Esq.
                              **Sim & DePaola, LLP**
                              psim@simdepaola.com
                              4240 Bell Blvd, Suite 405
                              Flushing, NY 11361
                              Tel: (718) 281-0400
                              *Attorneys for Plaintiffs and the*
                              *Putative FLSA Collective*

**VERIFICATION**

STATE OF NEW YORK    )
                     )S.S:
COUNTY OF QUEENS     )

Feruza Mirzamakhmudova, being duly sworn, deposes and says:

I am the plaintiff in this action and I have read the SUMMONS AND COMPLAINT.  Same is true to my own knowledge, except as to the matters therein stated to be upon information and belief, and as to those matters I believe them to be true.

Dated: Bayside, New York
      April 10, 2023

                               FERUZA MIRZAMAKHMUDOVA

Sworn to before me on the

10 day of April , 2023.

Notary Public

**JUNYA ZENG**
Notary Public, State of New York
No. 01ZE6411578
Qualified in Queens County
Commission Expires Nov. 30, 20

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of HOME ATTENDANT SERVICE OF HYDE PARK, INC and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Sim & DePaola, LLP without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by Defendant on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the Defendant or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____          ____FERUZA MIRZAMAKHMUDOVA____
Signature                                                              Printed Name

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FERUZA MIRZAMAKHMUDOVA, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

-against-

HOME HEALTH CARE SERVICE OF NY INC.

Defendant.

## *COLLECTIVE ACTION COMPLAINT*

Sim & DePaola, LLP
*Attorneys for Plaintiff and FLSA Collective Plaintiff*
42-40 Bell Blvd.– Suite 405
Bayside, New York 11361
(718) 281-0400

TO: Defendant

Service of a copy of the within                                           is hereby admitted.

Dated:

_____
Attorneys for

**NOTICE OF ENTRY:**
**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on

**NOTICE OF SETTLEMENT:**
**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on
At 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

**CERTIFICATION**
I hereby certify that, to the best of my knowledge, information and belief, the presentation of **SUMMONS & VERIFIED COMPLAINT** and the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated:    Queens, New York
          April 10, 2023

s/ Sang J Sim
_____
Sang J Sim, Esq.
Attorneys for Plaintiff
As Designated Above